UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN SOMERVILLE,

                            Petitioner,

          -against-

CARL HUNT, Superintendent, Groveland
Correctional Facility, and ERIC SCHNEIDERMAN,[1]
New York State Attorney General,

                          Respondents.

-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-1307 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Steven Somerville ("Somerville") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence of eleven to twenty-two years imprisonment following his conviction on charges of burglary, assault, and criminal mischief in New York State Supreme Court, Kings County. (Pet. (Docket Entry #1).) For the reasons set forth below, Somerville's petition is granted.

## I.      BACKGROUND

In April 1996, Kenya Hosay ("Ms. Hosay") was entering her home with her infant son in Brooklyn, New York, when Somerville appeared behind her, put his hand over her mouth, and pushed her inside. (Resp. Aff. (Docket Entry # 8) at 2.) Somerville punched Ms. Hosay in the eye and placed a knife against her throat. (Id.) He ordered her into her bedroom and demanded that that she provide him with the order of protection she had obtained from family court against him. (Id.) After Somerville further demanded that Ms. Hosay allow him to see their infant son anytime he desired, he exited the home. (Id.) He subsequently wrote an explicit account of his

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Eric Schneiderman, the current New York State Attorney General, has been substituted for Andrew Cuomo, the former New York State Attorney General against whom this action was originally brought.

activities in a day minder calendar book. (Id.) The police ultimately arrested Somerville for the crime. (Id.)

In January 1997, following a jury trial before Justice John Leventhal in New York State Supreme Court, Kings County, Somerville was convicted of two counts of Burglary in the First Degree, and one count each of Burglary in the Second Degree, Assault in the Second Degree, Assault in the Third Degree, and Criminal Mischief in the Fourth Degree. (Pet. at 1.) At his February 1997 sentencing hearing, the prosecution noted that Somerville had been convicted of robbery with a deadly weapon in Maryland in 1993, and asked Justice Leventhal to adjudicate him as a second violent felony offender under New York Penal Law § 70.04. (Pet'r. Mem. (Docket Entry # 2) at 2-3.) Defense counsel did not challenge the use of the Maryland conviction and Justice Leventhal sentenced Somerville accordingly. (Id. at 3.) Because of his determination that Somerville was a second violent felony offender, Justice Leventhal was required to sentence him to a determinate term of imprisonment, falling in the range of between ten and twenty-five years in prison. See former N.Y. Penal Law § 70.04(2), (3) (1997). He sentenced Somerville to concurrent terms of imprisonment of eighteen years on each of the first-degree burglary counts, and lesser terms on the other crimes. (Pet'r. Mem. at 3.)

Somerville appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department (the "Appellate Division"). (Id. at 6.) He argued, *inter alia*, that his sentence was illegal and that he was not a second violent felony offender because the Maryland offense for which he was convicted lacked a New York felony equivalent. (Id.) He further argued that his trial attorney, by acquiescing to the Supreme Court's use of Somerville's Maryland conviction as the predicate for adjudicating him a second violent felony offender, had provided him with ineffective assistance in violation of his Sixth Amendment right to counsel.

(Id.)  In May 2001, the Appellate Division affirmed Somerville's conviction and sentence, finding that his counsel had provided him with "meaningful assistance."  People v. Somerville, 283 A.D.2d 596 (2d Dep't 2001).  In September 2001, the New York Court of Appeals denied Somerville leave to appeal.  People v. Somerville, 96 N.Y.2d 942 (2001).

Somerville subsequently sought a writ of habeas corpus in this court from United States District Judge Jack B. Weinstein, raising the same ineffective assistance of counsel argument that he presented to the Appellate Division.  Somerville v. Conway, 281 F. Supp. 2d 515, 517 (E.D.N.Y. 2003) (Weinstein, J.).  Judge Weinstein concluded that but for defense "counsel's unprofessional errors, [Somerville] would not have been adjudicated a second violent felony offender."  Id. at 524.  Judge Weinstein granted Somerville's petition for a writ of habeas corpus and ordered Somerville to be released unless he was retried or resentenced.  Id.  Respondents did not appeal to the Second Circuit.

In February 2004, Somerville's case was remanded to state court and was reassigned to Justice Leventhal, the same judge who originally sentenced him in 1997.  (Pet'r. Mem. at 9.) Justice Leventhal agreed that the Maryland conviction had no New York felony equivalent and that Somerville should be sentenced as a first violent felony offender.  (Resentencing Minutes ("S.") (Docket Entry # 8) at 17.)  Because Somerville was convicted of first-degree burglary, a class B and violent felony, Justice Leventhal was required to sentence him to an indeterminate term of imprisonment.  See former N.Y. Penal Law § 70.02(2)-(4) (1997) (requiring the indeterminate maximum term to be at least six years, but not to exceed twenty-five years, with a fixed minimum term of one-half of the maximum term imposed by the court).  Before deciding Somerville's new sentence, Justice Leventhal considered whether the maximum term of Somerville's new indeterminate sentence could exceed the eighteen-year determinate term of his

original sentence. People v. Somerville, 3 Misc. 3d 593, 601-07 (N.Y. Sup. Ct. 2004). Justice

Leventhal stated that "[t]he law in New York is unclear with respect to whether an indeterminate

sentence of 12 1/2 to 25 years in prison is greater than a determinate sentence of 18 years." Id. at

603. Nonetheless, he rejected Somerville's argument that a new indeterminate sentence with a

maximum term longer than his original determinate term would be presumptively vindictive and

thus violate his due process rights under North Carolina v. Pearce, 395 U.S. 711 (1969). Id. at

603-04. Justice Leventhal concluded that he was free to impose any sentence within the

statutory range for first-time felons. Id. at 607.

In determining Somerville's new sentence, Justice Leventhal took into account both the

nature of Somerville's crime and his written description of it. (S. at 39-40.) Justice Leventhal

also decided that he would not use Somerville's "unremarkable" prison record in resentencing

him. (Id. at 40.) Justice Leventhal then resentenced Somerville to concurrent terms of eleven to

twenty-two years on the first-degree burglary counts and to lesser concurrent terms on the other

crimes. (S. at 42). He explicitly stated that had he initially sentenced Somerville in 1997 under

the sentencing statute applicable to first violent felony offenders, he would have given

Somerville the same eleven to twenty-two-year sentence he imposed on resentencing. (Id. at 41).

In 2006, Somerville appealed his new sentence on due process grounds to the Appellate

Division, which affirmed the new sentence. People v. Somerville, 33 A.D.3d 733 (2d Dep't

2006). The Appellate Division assumed without deciding that Somerville's new indeterminate

sentence was greater than his original determinate one. Id. at 734. However, the Appellate

Division distinguished Pearce and found no constitutional violation because his prior sentence

was "vacated as illegal" and thus no presumption of vindictiveness attached to his second

sentence.  Id.  On April 2, 2007, the New York Court of Appeals denied Somerville leave to

appeal.  People v. Somerville, 8 N.Y.3d 950 (2007).

On March 31, 2008, Somerville timely filed this petition for a writ of habeas corpus,

challenging his 2004 sentence on due process grounds.  (Pet. at 6).[2]  He argues that Justice

Leventhal denied him due process of law when, after his successful habeas challenge to the

legality of his original sentence, Justice Leventhal increased his maximum term of incarceration

in violation of the rule set forth in Pearce, 395 U.S. 711.  (Id.)  Specifically, although Justice

Leventhal acknowledged that Somerville had engaged in no misconduct since his original

sentence sufficient to justify a hasher one, he increased Somerville's potential maximum term of

imprisonment from eighteen to twenty-two years.  (Id.)

## II.    DISCUSSION

### A.    Legal Standard

#### 1.    AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on

the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  28 U.S.C. § 2254(d).  Determination of factual issues

made by a state court "shall be presumed to be correct," and the applicant "shall have the burden

of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1).

---

[2] Somerville exhausted his due process claim in the state courts in accordance with  28 U.S.C. § 2254(b)(1)(A).

A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (quotation omitted).

In assessing "clearly established" federal law, a court must confine itself to the holdings, as opposed to the dicta, of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006). Moreover, "Musladin admonishes courts to read the Supreme Court's holdings narrowly and to disregard as dicta for habeas purposes much of the underlying logic and rationale of the high court's decisions." Rodriquez v. Miller, 499 F.3d 136, 140 (2d Cir. 2007). Therefore, "evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

### 2. Pearce Presumption of Vindictiveness

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). "A defendant's exercise of a right of appeal must be free and unfettered." Pearce, 395 U.S. at 724 (quoting Worcester v. Comm'r, 370 F.2d 713, 718 (1st Cir. 1966)). Accordingly, the Supreme

Court has held that penalizing a defendant "for having successfully pursued a statutory right of appeal or collateral remedy [is] . . . a violation of due process of law." Id.

In Pearce, the Supreme Court applied this principle to a sentencing judge's decision to resentence a defendant to a longer term of incarceration following the defendant's successful appellate challenge to his first conviction. Id. at 725. Pearce concluded that "[d]ue process of law . . . requires that [a sentencing judge's] vindictiveness against a defendant for having successfully attacked his first conviction must play no part" in the defendant's new sentence. Id. Pearce went on to explain that "due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge" because "the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction." Id.

Pearce created a presumption of judicial vindictiveness in cases where the facts indicate a reasonable likelihood that the sentence imposed is the result of unlawful vindictiveness towards the defendant by the sentencing judge. United States v. Goodwin, 457 U.S. 368, 373-74 (1982). Under Pearce and the Supreme Court decisions which have applied it, a reasonable likelihood of vindictiveness exists where a defendant successfully challenges his conviction or sentence and subsequently receives a harsher sentence from the same sentencing judge. See Pearce, 395 U.S. at 725-26. To rebut the presumption of judicial vindictiveness created by the harsher sentence, the sentencing court must affirmatively state its reasons for imposing the increased sentence. Id. at 726. "Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," or based upon the defendant's conduct prior to the original sentencing if such conduct was unknown to the sentencing court at the time of his original sentencing. Id.; see

Texas v. McCullough, 475 U.S. 134, 141-42 (1986).  Any facts upon which the increased

sentence is based must be affirmatively stated in the record so that that an appellate court may

fully review the constitutional legitimacy of the harsher sentence.  Pearce, 395 U.S. at 726.

### B.  Application of Pearce Presumption to Somerville's New Sentence

Somerville challenges the determination by Justice Leventhal and the Appellate Division

that Pearce's presumption of vindictiveness is inapplicable to his new sentence.  (Pet. at 5.)  To

determine whether Pearce's presumption of  vindictiveness is applicable to Somerville's

resentencing, this court must decide (1) whether Justice Leventhal actually increased

Somerville's sentence; (2) if so, whether it was reasonably likely that unlawful vindictiveness

motivated Justice Leventhal in imposing a harsher sentence following Somerville's successful

challenge to the legality of his original sentence; and (3) if so, whether facts affirmatively

appearing in the record were sufficient to rebut the Pearce presumption of vindictiveness.

### 1.  Somerville's Increased Sentence

Justice Leventhal originally sentenced Somerville as a second violent felony offender to a

determinate term of eighteen years in prison.  (Resp. Aff. at 3.)  He later sentenced Somerville as

a first violent felony offender to an indeterminate term of eleven to twenty-two years.  (Id. at 5.)

Although this maximum term of twenty-two years was three years less than the potential

maximum term that Somerville faced, it was four years more than his original eighteen-year

determinate term.  Justice Leventhal, however, did not conclude that he had increased

Somerville's sentence, but instead stated that "[t]he law in New York is unclear with respect to

whether an indeterminate sentence of 12 1/2 to 25 years in prison is greater than a determinate

sentence of 18 years."  Somerville, 3 Misc. 3d at 603.  On the one hand, he noted, the twelve-

and-a-half year term created the possibility of earlier parole than an eighteen-year determinate

term, meaning that a lesser portion of that sentence might be served in custody.  Id.  At the same

time, however, Justice Leventhal acknowledged that "an 18-year determinate sentence means

that the maximum term of imprisonment that the defendant can serve is 18 years and on the 12

1/2-to-25-year indeterminate sentence there looms the potential for defendant serving 25 years in

prison."  Id.  The Appellate Division later "assum[ed] without deciding that the indeterminate

terms of imprisonment were in fact greater than the determinate terms they replaced."

Somerville, 33 A.D.3d at 734.  Because neither state court actually determined whether

Somerville's sentence had increased,[3] there is no state court decision on the matter to which this

court can give AEDPA deference.  Accordingly, the court reviews this issue *de novo.*  Staley v.

Greiner, No. 01 Civ. 6165 (JSR) (DF), 2003 U.S. Dist. LEXIS 2576, at *25-26 (S.D.N.Y. Feb. 6,

2003) ("Where the state court has . . . not reached the merits of [a] claim, this [habeas] Court

must review that claim *de novo*.") (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir.

2001)).

In Pearce, the Supreme Court looked to the maximum authorized terms of incarceration

for each sentence in determining whether the defendant's new sentence was harsher than his

original one.  Pearce, 395 U.S. at 713 n.1.  The Second Circuit subsequently made explicit what

was implicit in Pearce, that in determining whether a new sentence is presumptively vindictive, a

reviewing court "must consider the maximum which the appellant might be required to serve

under the terms of the judgment."  United States v. Barash, 428 F.2d 328, 330 (2d Cir. 1970),

cert. denied, 401 U.S. 938 (1971); see, e.g., Stewart v. Scully, 925 F.2d 58 (2d Cir. 1991)

(finding that defendant's sentence had increased, in a double-jeopardy context, where he

originally received a ten to twenty-year term and was resentenced to eight to twenty-four years).

---

[3] Neither state court found it necessary to resolve the issue as both courts concluded that Pearce's presumption of vindictiveness did not apply to Somerville's case because his prior sentence was vacated as illegal.  Somerville, 3 Misc. 3d at 604; Somerville, 33 A.D.3d at 734.

This is so even where the increase in the maximum term is accompanied by a new minimum term that creates the possibility of earlier release from prison.  See United States v. Albanese, 554 F.2d 543, 549 (2d Cir. 1977) ("While it is true that the longer parole period here is to some degree offset by the shorter period appellant will be incarcerated, such a trade-off between kinds and types of punishment may not be the basis for a sentence imposed upon reconviction following a successful appeal.") (internal quotation marks and citation omitted).  "Requiring a person to stay on parole imposes a serious deprivation of liberty upon him," which the Second Circuit has implicitly recognized by holding a parolee to be "in custody" for habeas corpus purposes.  Id. (citations omitted).

Justice Leventhal increased Somerville's sentence because Somerville now faces the possibility of an additional four years in state prison.  Furthermore, although the new indeterminate eleven to twenty-two-year term potentially grants Somerville an earlier release from prison as compared to his original sentence, Somerville will remain in the state's custody as a parolee even if he is released from prison before the expiration of his twenty-two-year term.  See id.; N.Y. Penal Law § 70.40(a) (2004).  Therefore, Somerville's new indeterminate sentence of eleven to twenty-two years is "harsher" than his original determinate eighteen-year sentence within the meaning of Pearce.

2.     Reasonable Likelihood of Actual Vindictiveness

Somerville contends that Justice Leventhal and the Appellate Division erred in determining that Pearce's presumption of vindictiveness was inapplicable to his new sentence.  (Pet. at 5.)  Justice Leventhal and the Appellate Division concluded that Pearce's presumption did not apply to Somerville's new sentence because his prior sentence was "vacated as illegal"; as such, "it is a nullity and it is as though [Somerville] was never sentenced" in the first place.

Somerville, 33 A.D.3d at 734; Somerville, 3 Misc. 3d at 605.  The Appellate Division apparently

distinguished Somerville's case, where Somerville successfully attacked the legality of his

original sentence, from Pearce, where the defendants successfully attacked the legality of their

original convictions.  Implicit in the Appellate Division's holding is the determination that no

reasonable likelihood of judicial vindictiveness exists when a sentencing judge imposes a harsher

sentence following the vacatur of a defendant's original sentence.  In so deciding, the Appellate

Division and Justice Leventhal followed well-established precedent in New York State courts.

See People v. Rogner, 285 A.D.2d 749, 749-50 (3d Dep't 2001); People v. Taylor, 145 A.D.2d

446, 447-48 (2d Dep't 1988); People v. Fuller, 134 A.D.2d 278, 279 (2d Dep't 1987).

The Appellate Division's attempt to limit the rule announced in Pearce and its progeny to

Pearce's specific facts was contrary to, or at least an unreasonable application of, clearly

established federal law.  As Pearce and its progeny make clear, "the evil the [Pearce] Court

sought to prevent was not the imposition of enlarged sentences after a new trial but

vindictiveness of a sentencing judge" in the resentencing process.  Alabama v. Smith, 490 U.S.

794, 799 (1989) (citing McCullough, 475 U.S. at 138 (internal quotation marks omitted); see also

id. (quoting Chaffin v. Stynchcombe, 412 U.S. 17, 25 (1973)) ("[T]he Pearce presumption . . .

was premised on the apparent need to guard against vindictiveness in the resentencing process.").

Thus, although the facts in Pearce involved a resentencing following the defendants' retrials and

reconvictions, its presumption of vindictiveness is not limited to only those cases in which a

defendant successfully challenges his first *conviction*.  This is so because the same potential for

vindictiveness by a sentencing judge also exists where a defendant is resentenced after

successfully challenging the legality of his original sentence imposed by the same judge.

11

In its opinions after Pearce, the Supreme Court has identified circumstances where no reasonable likelihood of actual vindictiveness exists during resentencing. Thus, Pearce's presumption does not apply to those cases in which a defendant's increased sentence (1) is based on new evidence at the defendant's retrial, McCullough, 475 U.S. 134; (2) is determined by a different jury, Chaffin, 412 U.S. 17; (3) follows a trial *de novo*, Colten v. Kentucky, 407 U.S. 104 (1972); (4) follows a trial when the first sentence was imposed after a guilty plea, Smith, 490 U.S. 794; or (5) is imposed by a different sentencing judge, United States v. Perez, 904 F.2d 142 (2d Cir. 1990), cert. denied, 498 U.S. 905 (1990). See United States v. Atehortva, 69 F.3d 679, 683 (2d Cir. 1995) (compiling cases where the Supreme Court has not applied Pearce's presumption of vindictiveness). Additionally, Pearce's presumption does not arise where the penalty imposed on resentencing is equal to, or less than, the original sentence. Naranjo v. Filion, No. 02 Civ. 5449 (WHP) (AJP), 2003 U.S. Dist. LEXIS 6287, at *34-35 (S.D.N.Y. Apr. 16, 2003). Finally, "[a] significant intervening change in law, or a changed understanding of the law, can itself justify an increased sentence on remand, thereby precluding application of the Pearce presumption because it is not reasonably likely that vindictiveness motivated the increased sentence." United States v. Singletary, 458 F.3d 72, 77 (2d Cir. 2006), cert. denied, Singletary v. United States, 549 U.S. 1047 (2006). As each of these applications of the Pearce rule makes clear, where no reasonable likelihood of judicial vindictiveness exists upon resentencing, Pearce's presumption of vindictiveness does not arise. Conversely, if there is a reasonable likelihood of actual vindictiveness, its presumption will apply, regardless of whether the illegality that prompted the defendant's resentencing related to his original sentence or his original conviction.

Somerville's resentencing was not comparable to any of the circumstances where the Supreme Court has declined to apply Pearce's presumption of vindictiveness. To the contrary, Pearce's presumption should have applied to Somerville's resentencing because his case is "materially indistinguishable" from Pearce itself. See Williams v. Taylor, 529 U.S. 362, 413 (2000). In Pearce, the defendants' convictions were vacated as illegal and they were then retried, reconvicted, and resentenced to longer terms than those originally imposed. Pearce, 395 U.S. at 713-15. Here, Somerville's original sentence was vacated as illegal and he was then resentenced by the same judge to a longer term than that originally imposed. Though Somerville's resentencing was prompted by the illegality of his original sentence while the Pearce defendants' resentencings were prompted by the illegality of their original convictions, there is no material or meaningful distinction between the two cases because the potential for judicial vindictiveness upon resentencing existed equally in both. Somerville successfully attacked the legality of a sentencing decision made by the judge who ultimately resentenced him. As the Supreme Court has recognized, a judge who has been reversed has a "motivation to engage in self-vindication." See McCullough, 475 U.S. at 139.

The Second, Fourth, Fifth, Seventh, Eighth, and Ninth Circuits have similarly concluded that Pearce's presumption is not limited to situations in which a defendant is resentenced following retrial and reconviction. The Eighth Circuit has explicitly addressed Somerville's situation and held that "though Pearce involved a resentencing after a second conviction, [its] principle also applies to a resentencing after a sentence was vacated on appeal." United States v. Smotherman, 326 F.3d 988, 989 (8th Cir. 2003); see also Naranjo, 2003 U.S. Dist. LEXIS 6287, at *33. Similarly, the Ninth Circuit has held that "[a] defendant has a due process right under the Fourteenth Amendment not to be subjected to vindictive sentencing after successfully attacking a

conviction *or sentence*." Nulph v. Cook, 333 F.3d 1052, 1057 (9th Cir. 2003) (citing Pearce, 395

U.S. at 725) (emphasis added). The Second Circuit has similarly explained that "[t]he distinction

between retrial and a hearing upon remand has no legal significance . . . since both present an

equal opportunity for judicial vindictiveness upon resentencing." Robinson v. Scully, 690 F.2d

21, 24 (2d Cir. 1982). Likewise, the Seventh Circuit found no reason to distinguish the case of

resentencing after retrial from resentencing after the vacatur of an illegal sentence because the

"same threat of vindictiveness is present, and the same safeguards are necessary." United States

v. Jefferson, 760 F.2d 821, 825 (7th Cir. 1985), vacated on other grounds, 474 U.S. 806 (1985).

See also United States v. Vontsteen, 950 F.2d 1086, 1089 n.2 (5th Cir. 1992), cert. denied,

Vontsteen v. United States, 505 U.S. 1223 (1992) (refusing to limit Pearce's application to a

resentencing only after a new trial and citing other Fifth Circuit cases that have applied Pearce's

presumption to remands solely for resentencing); United States v. Raimondo, 721 F.2d 476, 478

(4th Cir. 1983), cert. denied sub nom., Bello v. United States, 469 U.S. 837 (1984) (applying

Pearce where a defendant's case was remanded solely for resentencing on one count of his

conviction).

This court may only grant habeas relief if the Appellate Division's ruling was either

"contrary to, or involved an unreasonable application of, clearly established federal law." 28

U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if "the state

court decides a case differently than [the Supreme Court] has on a set of materially

indistinguishable facts." Williams, 529 U.S. at 412-13. A decision is "an unreasonable

application" of clearly established federal law if a state court "identifies the correct governing

legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to

the facts of [a] prisoner's case." Id. at 413. An unreasonable application of federal law is

different from an incorrect application of federal law.  Id. at 410.  The issue is "whether the state court's application of clearly established federal law was objectively unreasonable."  Id. at 409.

"The Second Circuit has explained that while some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  Naranjo, 2003 U.S. Dist. LEXIS 6287, at *21 (citing Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000)) (internal quotation marks omitted).  "Moreover, the Second Circuit has held that a state court determination is reviewable under AEDPA if the state decision unreasonably failed to extend a clearly established, Supreme Court defined, legal principle to situations which that principle should have, in reason, governed."  Id. (citing Kennaugh v. Miller, 289 F.3d 36, 45 (2d Cir. 2002), cert. denied, 537 U.S. 909 (2002)); see also Ramdass v. Angelone, 530 U.S. 156, 166 (2000) ("A state determination may be set aside under this standard if, under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled.").

Even under the deferential AEDPA standard, the Appellate Division's refusal to apply a presumption of judicial vindictiveness to Somerville's resentencing was contrary to, or at the very least an unreasonable application of, Pearce and subsequent Supreme Court opinions applying Pearce's rule.

The Appellate Division's conclusion that no presumption of vindictiveness attached to Somerville's resentencing because his prior sentence was vacated as illegal was an unreasonable application of Pearce.  The Appellate Division correctly identified Pearce's presumption of vindictiveness as the governing legal principle but unreasonably applied that principle to Somerville's case when it effectively limited the rule in Pearce to the specific facts of that case

15

and failed to apply it to a materially indistinguishable case, or at least to extend it to a situation that it should have governed. See Kennaugh, 289 F.3d at 45. Nothing in Pearce itself, nor in its underlying policies, suggests that its principle should vanish simply because the illegality that prompted the resentencing infected the original sentence, and not the conviction. Therefore, the Appellate Division's refusal to apply a presumption of vindictiveness to Somerville's resentencing based on its overly narrow reading of the Pearce rule was contrary to, or at least an unreasonable application of, clearly established federal law as announced by the Supreme Court in Pearce and subsequent Supreme Court cases that have applied its rule.

Finally, Pearce itself demonstrates that the Appellate Division's ruling is untenable. In Pearce, the federal district courts that vacated the defendants' prior convictions necessarily vacated their prior sentences as well. If the Appellate Division is correct in stating that no presumption of vindictiveness attaches to a resentencing where the "prior sentences imposed were vacated as illegal," Somerville, 33 A.D.3d at 734, then the defendants in Pearce would not have been entitled to the very presumption that the Court created on their behalf. Accordingly, this court holds that Pearce's presumption of vindictiveness applies to Somerville's resentencing.

### 3. Rebuttal of Pearce Presumption

Because Pearce's presumption applies to Somerville's resentencing, Justice Leventhal was required to affirmatively state the reasons for the increased sentence in order to rebut the presumption that he was motivated by actual vindictiveness in imposing Somerville's increased sentence. See Wasman v. United States, 468 U.S. 559, 569 (1984). Justice Leventhal could have discharged this burden only if he indicated on the record his reasons for imposing an increased sentence and his reasons were "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original

16

sentencing," or based upon Somerville's conduct prior to the original sentencing that Justice

Leventhal was unaware of at the time of the original sentencing proceeding. Pearce, 395 U.S. at

726; see McCullough, 475 U.S. at 141-42. As the Second Circuit has explained, such subsequent

events may shed a new light on the defendant's "life, health, habits, conduct, and mental and

moral propensities" sufficient to justify an increased sentence. Robinson, 690 F.2d at 24

(internal quotation marks and citation omitted). A sentencing judge may not, however, support

the imposition of a new, harsher sentence based on a defendant's activities that pre-dated the

original sentence that the court knew of at the time of the original sentencing. Id.

Respondents argue that several of Justice Leventhal's statements at Somerville's

resentencing demonstrate that he did not impose the new sentence in retaliation for Somerville's

successful challenge to the legality of his first sentence. (Resp. Mem. at 9-10.) Specifically,

Justice Leventhal explicitly stated that had he initially sentenced Somerville in 1997 under the

sentencing statute applicable to first violent felony offenders, he would have imposed the same

eleven to twenty-two-year sentence that he was imposing upon resentencing. (Id. at 10; S. at 41.)

Additionally, in determining the new sentence, Justice Leventhal took into account both the

nature of Somerville's crime and his subsequent written account of his activities in his diary.

(Resp. Mem. at 10; S. at 39-42.)

These arguments are without merit. First, Justice Leventhal's after-the-fact statement

that he was imposing the very sentence that he would have originally imposed is not enough to

overcome Pearce's presumption of vindictiveness. If it were, any resentencing court could too

easily dispense with Pearce's presumption through the bare claim that the second, harsher

sentence was simply what it would have given the defendant had it initially sentenced him

lawfully. Second, in determining Somerville's new sentence, neither the nature of Somerville's

17

crime nor his written description of it could support a harsher sentence because those facts pre-dated the original sentence and were known to Justice Leventhal at the time he originally sentenced Somerville.  See Robinson, 690 F.2d at 24.  Finally, Justice Leventhal considered Somerville's post-sentencing conduct and specifically decided that it did not support a harsher sentence.  (S. at 40.)

Respondents have failed to demonstrate that Somerville's resentencing is comparable to any of the circumstances in which the Supreme Court has declined to apply Pearce's presumption of vindictiveness.  Moreover, none of Justice Leventhal's affirmative statements on the record are sufficient to overcome Pearce's presumption of vindictiveness or justify Somerville's increased sentence.  Therefore, under Pearce, Somerville's Fourteenth Amendment right to due process of law was violated when, after successfully challenging his original sentence, he was given a harsher sentence by the same judge upon resentencing.

## III.    CONCLUSION

For the foregoing reasons, Somerville's petition for a writ of habeas corpus is granted and his sentence is vacated.  Somerville shall be released unless, within sixty days, he is resentenced by a different judge in conformity with this opinion.

SO ORDERED.

   /s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
       February 28, 2011