UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN SOMERVILLE,

                        Petitioner,

-against-

CARL HUNT, Superintendent, Groveland
Correctional Facility, and ERIC SCHNEIDERMAN,
New York State Attorney General,

                        Respondents.
-------------------------------------------------------------X

**ORDER**

**08-CV-1307 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

By Memorandum and Order dated February 28, 2011, the court granted Petitioner Steven Somerville's petition for a writ of habeas corpus under 28 U.S.C. § 2254. (See Order (Docket Entry #12).) The court concluded that Somerville's constitutional due process rights were violated when, after successfully challenging the legality of his original eighteen-year sentence, he was given a harsher sentence of eleven to twenty-two years by the same judge upon resentencing. (Id. at 18.) In granting Somerville's petition, the court ordered that Somerville's sentence be vacated and that he be released "unless, within sixty days [of the date of the Order], he is resentenced by a different judge in conformity with this opinion." (Id.) Thus, although Somerville's eleven to twenty-two-year sentence was vacated as of February 28, 2011, he properly remains in state custody[1] until the expiration of sixty days after the court's February 28 Order—i.e. on April 29, 2011—until which time the State has the opportunity to resentence Somerville in conformity with the court's February 28, 2011 Order.

---

[1] Somerville was released on parole supervision December 24, 2010. (Resp. Aff. (Docket Entry # 17) at 3.) Although he has been released from prison, Somerville remains "in custody" while under parole supervision. See United States v. Albanese, 554 F.2d 543, 549 (2d Cir. 1977).

1

On March 29, 2011, Respondents filed a timely notice of appeal from the court's Order granting Somerville's habeas petition. (See Docket Entry # 14.) On April 8, 2011, Respondents filed a motion, pursuant to Federal Rule of Appellate Procedure 23(c), to stay the judgment and Order pending the resolution of Respondents' appeal to the United States Court of Appeals for the Second Circuit. (See Motion to Stay (Docket Entry # 17).) On April 18, 2011, Somerville filed an opposition to Respondents' motion to stay. (See Opposition to Stay (Docket Entry # 20).) To date, Somerville has not been resentenced in conformity with the court's February 28, 2011 Order granting his habeas petition. (Resp. Aff. at 2.)

Federal Rule of Appellate Procedure 23(c) provides that, when the State appeals from a court's decision granting a writ of habeas corpus, the prisoner must be released on personal recognizance "unless the court or judge rendering the decision . . . orders otherwise." In determining whether to release the prisoner pending the State's appeal, the court considers:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). In applying the Hilton factors the court is mindful that "[t]here is a presumption of release pending appeal where a petitioner has been granted habeas relief." O'Brien v. O'Laughlin, 130 S. Ct. 5, 6 (2009).

Respondents fail to make a strong showing that they will succeed on the merits. Respondents argue that "there is a reasonable likelihood that [they] will prevail on appeal" because "the Second Circuit may well conclude that the presumption of vindictiveness was rebutted," given the resentencing judge's statements disclaiming any vindictive motive upon resentencing Somerville. (Resp. Mem. at 4-5.) However, as the court explained in its February 28, 2011 Order, such statements are legally insufficient to overcome the presumption of judicial

2

vindictiveness created by North Carolina v. Pearce, 395 U.S. 711 (1969). In order to overcome Pearce's presumption of vindictiveness, a resentencing judge must affirmatively state his reasons for imposing an increased sentence and "[t]hose reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing," id. at 726, or be based upon the defendant's conduct prior to the original sentencing if such conduct was unknown to the sentencing court at the time of his original sentencing, Texas v. McCullough, 475 U.S. 134, 141-42 (1986). Because the resentencing judge failed to identify any such conduct, he failed to rebut Pearce's presumption of vindictiveness in imposing a harsher sentence.

Respondents also argue that that the public interest weighs in favor of granting a stay. (See Resp. Mem. (Docket Entry # 17) at 3-4.) Specifically, if the State ultimately prevails on its appeal, a stay would prevent the State from having to conduct two unnecessary resentencing proceedings—both the resentencing that the court's February 28, 2011 Order contemplates and the resentencing that would then have to occur following a successful appeal in the Second Circuit. Thus, a stay could prevent the State from unnecessarily utilizing resources for two potentially unnecessary sentencing proceedings. While Respondents are correct that this factor leans somewhat in favor of a stay, it does not lean far.

The court finds that Respondents have failed to demonstrate that they will suffer irreparable injury in the absence of a stay. If the court denies the stay request ,Respondents may seek to cure the constitutional violations identified by the court in its February 28, 2011 Order by having him resentenced, which sentence may well include a further period of custodial supervision of Petitioner. If the court's February 28, 2011 Order is reversed on appeal, Respondents may lawfully resume custody of Petitioner under the sentence this court found

3

unlawful. Respondents have not demonstrated that they will suffer irreparable harm in the absence of a stay.

Somerville argues that the court should deny Respondents' motion to stay because the court's grant of a stay would substantially injure him on an unrelated matter. Specifically, on March 4, 2011, following a dispute with a neighbor, parole authorities lodged a revocation warrant against Somerville for allegedly violating the terms of his parole, and he has been detained on Rikers Island since that time. (Opposition to Stay at 4.) On March 25, 2011, Somerville filed a petition for a state writ of habeas corpus in Bronx County Supreme Court. (Id.) "Citing this Court's determination that Somerville's 11-to-22 year sentence violated due process and relying on various New York authorities holding that the state may not violate the parole of someone serving an illegal sentence," Somerville argues that the parole warrant on which he is being detained is invalid. (Id.)[2] Thus, if the court stays its February 28, 2011 Order declaring Somerville's sentence unlawful, Somerville argues he will be injured because "the State will unquestionably argue that, as a result of the stay, Somerville's continued incarceration on the parole warrant would be justified." (Id. at 6.) Instead, Somerville argues, the court should deny the stay so that he can have the benefit of this court's determination that his eleven to twenty-two-year sentence is unconstitutional in bringing his state habeas petition. (Id. at 6 n.1)

The court is not persuaded that Somerville will suffer a substantial injury if the court grants a stay, because of his parole violation. Somerville is challenging his current detention by arguing that he was improperly detained on a parole warrant that became invalid as soon as this court vacated his eleven to twenty-two-year sentence as illegal in its February 28, 2011 Order. Somerville's argument erroneously assumes that because this court deemed his sentence illegal

---

[2] The state habeas proceeding has been adjourned until May 4, 2011, pending this court's determination of the instant motion to stay. (Opposition to Stay at 4.)

4

on February 28, 2011, he was no longer subject to parole supervision as of that date, and his subsequent arrest for violating the terms of his parole was unlawful. However, in its February 28, 2011 Order, the court ordered Somerville released from custody only if the state failed to resentence him within sixty days. Accordingly, from February 28, 2011 until April 29, 2011, Somerville properly remained in state custody pursuant to the court's Order.[3] That Somerville was released on parole supervision on December 24, 2010 meant only that he remains "in custody" on parole, instead of in prison. Thus, this court's Order did not end Somerville's parole supervision on February 28, 2011, and his contention that granting the stay would cause him substantial injury for this reason is without merit.

If the court were to deny the stay request, the State would likely resentence Somerville, and there is a not insignificant chance that he would remain in state custody until Respondents' appeal to the Second Circuit is completed. However, denying Somerville the stay would also deny him the opportunity to seek a more lenient sentence at his resentencing hearing. At that resentencing hearing Somerville may successfully argue for a sentence that would effectively end the State's custody over him. Although not a weighty injury, this is an injury to Somerveille nonetheless.

For all the foregoing reasons, and in light of the presumption of release pending appeal, the court finds that the Hilton factors weigh against Respondents' motion for a stay. The court acknowledges, however, that Respondents should be given sufficient time to present their request for a stay pending appeal to the Second Circuit.

---

[3] The court expresses no opinion as to the merits of Petitioner's state habeas petition. This Order addresses only the legal effect and meaning of this court's February 28, 2011 Order. Whether Petitioner was unlawfully in custody on March 4, 2011 for reasons separate and apart from the court's Order is a question solely for the state court.

Consequently, the court amends its February 28, 2011 Order as follows: Somerville's sentence will be vacated[4] and he shall be released unless the State resentences him in conformity with the court's February 28, 2011 Order by May 10, 2011.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 28, 2011

NICHOLAS G. GARAUFIS
United States District Judge

---

[4] In providing that his sentence shall be vacated only if the State fails to resentence Somerville, the court answers Respondents' request for clarification of its February 28, 2011 Order. The court's vacatur of Somerville's sentence is conditioned on the state's failure to resentence him in conformity with the court's February 28, 2011 Order.